JOHN A. SWEENEY et al., Respondents, against WILLIAM P. ROGERS et al., Impleaded, &c., Appellants.

(Decided April 3d, 1882.)

Where a promissory note made for the accommodation of the payee is by him indorsed and delivered to brokers as collateral security to them for the purchase and carrying for him by them of certain stocks, the brokers, in an action upon the note, in order to recover against the payee, must show that they did in fact purchase such stock for him, and that a loss was thereby incurred. And for this purpose, proof merely that the plaintiffs employed other brokers to make the purchase, who reported to them that it was made, and that, upon an alleged failure of the defendant to provide additional security when called for, on a fall in the price of the stock, the plaintiff instructed such other brokers to sell the stock, which the latter also reported to them to have been done, is not sufficient.

APPEAL from a judgment of the general term of the Marine Court of the City of New York affirming a judgment of that court entered upon a verdict of a jury.

The action was brought upon a promissory note made by the defendant William P. Rogers, to the order of the defendant James F. Rogers, and indorsed and delivered by the latter to the plaintiffs. The note was made without consideration, for the accommodation of James F. Rogers, and was indorsed and delivered by him to the plaintiffs as collateral security for the purchase by them for his account, of certain stock, which they were to carry for him. They alleged that such stock was in fact purchased for them by other brokers, Owens & Mercer, one of whom was a member of the Stock Exchange; and that the stock was afterwards, upon a decline in its value,

and upon notice to the defendant James F. Rogers, sold for the plaintiffs by Owens & Mercer, and a loss thereby incurred by the plaintiffs.

At the trial the jury found a verdict for the plaintiffs. A motion by the defendants for a new trial was denied, and judgment for the plaintiffs was entered on the verdict. From the judgment and the order denying their motion for a new trial, the defendants appealed to the general term of the Marine Court, which affirmed both ; and from this decision the defendants appealed to this court.

*Malcolm Campbell*, for appellants.

*A. C. Aubery*, for respondents.

VAN HOESEN, J.—At the time of the delivery of the note Rogers gave to the plaintiffs an order for the purchase of one hundred shares of Wabash stock, fifty shares of which were to cover a short sale, so that the defendant James—to use the language of the brokers—went long of fifty shares. It devolved on the plaintiffs to buy one hundred shares for James, and to prove that they did so, in case they sought to hold him liable for any loss occasioned by a decline in the value of the stock. It matters not that they employed other persons to make the purchase at the stock exchange, for the quantum of evidence, or the methods of proof, cannot be altered by the fact that an agent engages a third person to act as sub-agent. The plaintiffs were bound to show that they themselves or their employes, Owens & Mercer, actually bought the one hundred shares of Wabash and actually sold them so that a loss took place. It was not enough for the plaintiffs to swear that Owens & Mercer had reported that they had sold, for the report was merely hearsay. Legal proof was indispensable, unless there were an account stated, or some action on the part of the defendant either admitting or estopping him from denying the correctness and the validity of the plaintiffs' claim.

I should be reluctant to set aside the verdict on the ground that the plaintiffs did not buy the one hundred shares, for

Sweeney v. Rogers.

there is some evidence, at least, that the plaintiffs did have in their hands and carry for the defendant James fifty shares of long stock; but I find no evidence at all that those shares were ever sold. No one that was examined as a witness seemed to have any knowledge of the subject. Mr. Sweeney knew that he telephoned to Owens & Mercer to make the sale, but he does not know, though he has been told, that those gentlemen followed his instructions.

Unless a sale has taken place, the plaintiffs must still stand in the relation of pledgees of the stock; and there is nothing in the evidence to show what loss, if any, they have sustained through carrying it. The value of the stock may, for aught we know, be greater now than it was at the time the purchase was made. The transaction must be closed, either by a sale of the stock in a lawful manner in consequence of the defendant James's default in furnishing the necessary margins, or else by the agreement of the parties. In no other way can the loss be ascertained. Where a note is given as collateral security by a payee for whose accommodation it is made, it may be collected by the holder according to its terms, whether the debt to which it is collateral be due or not (*Agawam Bank* v. *Strever,* 18 N. Y. 502). It may well be that the plaintiffs could have maintained an action on this note against William P. Rogers without showing that they had sustained any loss whatever; but they also sued James F. Rogers, and chose to litigate in this action the question as to whether or not the event had occurred that entitled them to hold all, or a part, of the proceeds of the note as an indemnity against a loss which their transactions on his account had occasioned them. This threw upon them the burden of showing a loss, and that they failed to show (*Williams* v. *People's Fire Ins. Co.,* 57 N. Y. 274).

There must be a new trial, with costs to abide the event.

Van Brunt, P. J., and J. F. Daly, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.