DES JARDINS v. HOTCHKIN et al.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

1. ACCOUNT STATED (§ 19*)—OPENING—BURDEN OF PROOF.

One suing to open an account stated on the ground of mistake has the burden of impeaching the account.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 91; Dec. Dig. § 19.*]

2. BROKERS (§ 29*)—MARGIN ORDERS—FAILURE TO EXECUTE.

Where a broker, instead of himself executing his customer's margin orders to buy or sell securities, turns them over to a third person, who buys and sells for the broker's own margin account with him, there was a failure to execute on the part of the broker, rendering him liable for the customer's money or securities in his hands, irrespective of the fact that, if he had executed the orders, the customer's money would have been lost.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 22; Dec. Dig. § 29.*]

3. BROKERS (§ 36*)—RATIFICATION BY CUSTOMER OF BROKER'S ACTS.

Where a customer was led to believe by his broker's reports of the execution of orders that he had executed them himself, the acceptance of such reports was not a ratification of the broker's acts in turning over the orders to a third party to execute for the broker's own margin account, so as to bind the customer by a settlement of his account with the broker based on such reports.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 29, 30; Dec. Dig. § 36.*]

Appeal from Special Term, New York County.

Action by Emile G. Des Jardins against Walter B. Hotchkin and another, copartners composing the firm of Stoppani & Hotchkin. From a judgment dismissing the complaint entered pursuant to decision on the trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Edmund F. Harding (William P. Maloney, on the brief), for appellant.

Wilfred H. Warner, for respondents.

LAUGHLIN, J. The defendants were stockbrokers, and the plaintiff was their customer. On the 5th day of April, 1905, plaintiff opened an account with the defendants by depositing with them $500 for the purpose of speculating in stocks on margins, and he subsequently made additional deposits with them aggregating $2,000. From time to time he gave them orders to purchase and to sell securities, and they reported the execution of his orders. On or about the 22d day of May, 1905, they rendered him a statement of his account showing that they held no securities for him, but owed him a balance of $4.92, for which amount they gave him their check, which he accepted and used. Prior to that time he had requested them to give him the names of the parties with whom they were dealing on his account, and they had refused the information. He brought this ac-

tion to open the account on the ground of fraud on their part and mistake on his part on the theory that their reports of the execution of his orders were all fictitious, and that he is entitled to an accounting. for the balance of the money which he deposited with them. The trial court found that the defendants duly executed the plaintiff's orders, and that the rendition of the account and the settlement by check on the 22d day of May, 1905, constituted an account stated and settled and closed the account. The plaintiff duly excepted to these rulings.

The burden was on the plaintiff of impeaching the account, but this he did by showing that the defendants did not directly purchase or obtain possession of any of the securities which he ordered them to purchase for his account, and that they did not personally or directly execute any of the transactions. It appears that the defendants were members of the Consolidated Exchange. They claimed to have turned the orders all over to the firm of Quinlan & Co., who were not members of either the Consolidated or the Stock Exchange, but had relations with some members of the Stock Exchange, through whom they could execute orders on that Exchange. The defendants had a marginal stock account in the name of the defendant Stoppani with said firm of Quinlan & Co., and all orders executed by that firm for them were executed for the account of Stoppani, and therefore none of them, if executed through that firm, was executed for the account of the plaintiff. Moreover, it was not shown that any of the orders were actually executed even by the firm of Quinlan & Co., and it would not have availed the defendants if they had been so executed, for it was the duty of the defendants to purchase and obtain possession of and hold the securities for the plaintiff subject to their rights as brokers to pledge the same for advances in such manner that he could return them, and this they did not do. If purchased through Quinlan & Co., as claimed, they became subject to the right of that firm to pledge them for other advances on that account. The rule is well settled that, where orders by a customer are not executed by stockholders, they are accountable for the money or securities in their hands, and they cannot escape this liability by showing that, if the orders had been executed, the securities or money would have been lost. Haight v. Haight & Freese Co., 112 App. Div. 475, 98 N. Y. Supp. 471, affirmed 190 N. Y. 540, 83 N. E. 1126; Prout v. Chisolm, 21 App. Div. 54, 47 N. Y. Supp. 376; Sweeney v. Rogers, 10 Daly, 469; Dos Passos on Stockbrokers (2d Ed.) pp. 206, 207, 210, 211, 212. The defendants led the plaintiff to believe and by their reports to him they expressly represented that they had directly executed the orders for his account, and therefore it cannot be claimed that there was any ratification of their unauthorized acts by him.

It follows therefore that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.