OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1923.

*Continued from Vol. 301.*

## BLANCHE G. ZACH v. FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.

Division One, December 31, 1923.

1. **APPELLATE JURISDICTION: Constitutional Question: Place of Contract.** Plaintiff brought suit on an accident insurance policy for $7500. Defendant's answer was a general denial, and a plea that the contract sued· on was a Massachusetts contract; that under the law of that State, as interpreted by its courts in certain decisions, defendant is not liable; that those decisions are entitled to full faith and credit in the courts of this State, and a refusal to apply them to the case would be in violation of the full-faith-and-credit clause of the Constitution of the United States. The trial court ruled that, under the facts in evidence, the contract was not a Massachusetts contract, but was to be interpreted according to the laws of this State. The jury returned a verdict for plaintiff for $7500. *Held*, that the ruling of the trial court that the contract was not a Massachusetts contract did not involve the construction of the Constitution, and the Supreme Court does not have appellate jurisdiction.

·2. ———: ———: **Incidentally Involved.** In a latitudinous sense every erroneous ruling of a trial court impinges upon constitutional rights, but it does not follow that all error involves "the construction of the Constitution of the United States or of this State" in such a way as to give the Supreme Court appellate jurisdiction.

(1)

Appeal from St. Louis City Circuit Court.—*Hon. Charles W. Rutledge,* Judge.

Transferred to St. Louis Court of Appeals.

*Jones, Hocker, Sullivan & Angert* for appellant.

The refusal of the court below to admit in evidence, and to apply, the law of Massachusetts to the policy sued on, a Massachusetts contract, (1) was a denial of full faith and credit to the public acts, records and judicial proceedings of the State of Massachusetts, in contravention of Section 1 of Article IV of the Constitution of the United States, and (2) deprived appellant of its property without due process of law, contrary to and in violation of the Fourteenth Amendment to the Constitution of the United States. Green v. Royal Arcanum, 237 U. S. 531; New York Life Ins. Co. v. Head, 234 U. S. 149.

*Watts, Gentry & Lee* for respondent.

(1) Since there is no constitutional question whatever involved in this case this court has no jurisdiction to determine the case, and the proper order will be to transfer it to the St. Louis Court of Appeals, inasmuch as the amount of the judgment is only $7500. There is a total failure of any proof tending to show that the last renewal of Zach's accident policy occurred in the State of Massachusetts, and no such presumption or inference exists. Therefore, our Missouri courts will apply to the wording of the policy the construction of the common law as construed in Missouri. That being true, all authorities as to the law of Massachusetts being decisive of cases based on contracts made in that State become wholly immaterial, and there can be no question in the case with reference to failure to give full faith and credit to the decisions of the courts of Massachusetts, or depriving de-

fendant of its property without due process of law by such failure.     (2)     A mere "colorable" constitutional question will not give this court jurisdiction of a case. There must be a constitutional question that is one of substance, not merely colorable.     Lohmeyer, v. Cordage Co., 214 Mo. 691; Huckshold v. Rys. Co., 220 S. W. 852; Lovelace v. Met. St. Ry. Co., 231 S. W. 616; Stegall v. Am. Pigment & Chem. Co., 263 Mo. 723; Smithsonian Institute v. St. John, 214 U. S. 29; Banhazer v. N. Y. Life Ins. Co., 178 U. S. 402; Eastern B. & L. Assn. v. Williamson, 189 U. S. 122; Weisberg v. Boatmen's Bank, 245 S. W. 1053; Cross Lake Club v. Louisiana, 224 U. S. 632; Kryger v. Wilson, 242 U. S. 171; Carey v. Schmalz, 221 Mo. 132; Kettelhade v. Car Co., 243 Mo. 412.

RAGLAND, J.—This is an action on a policy of insurance issued by defendant to Max W. Zach.     The original policy was dated December 15, 1909.     In accordance with its terms defendant insured Zach in the principal sum of $7500 against bodily injury sustained during the term of one year from its date, through accidental means and resulting directly, independently and exclusively of all other causes, in death.     The policy contained no express provision for its renewal, but it was treated by both the company and the assured as renewable annually upon payment in advance of the stipulated premium, and by virtue of such renewals was in force at the date of Zach's death.

Defendant is, and at all the times herein referred to was, a New York corporation engaged in writing life and accident insurance, and licensed to transact its business in the State of Missouri.     At the time of the issuance of the policy Zach was a citizen of this State and resided in the city of St. Louis.     Soon afterward he moved to Roxbury, Massachusetts, which continued to be his place of domicile until his death.     However, he spent a portion of each year—all the winter months from fall to spring—in St. Louis, where he conducted an orchestra and engaged

in other musical activities. He died there while so employed, February 3, 1921.

In the witnessing clause of the original policy immediately preceding the signatures of defendant's president and secretary, this language is found: "but the policy shall not be binding upon the company until countersigned by a duly authorized representative of the company." Immediately following the signatures of defendant's executive officers, this appears:

"Countersigned by Gilmour & Coolidge, General Agents at Boston, Mass.

"W. D. RICH, Attorney in Fact."

Unless the foregoing notation constituted evidence of *where* the policy was countersigned, there was none.

In the schedule of warranties annexed to the policy and by reference made a part thereof, the following statement of the assured is found:

"E. My residence P. O. Address is 4328 Washington Boulevard, City of St. Louis, County of———, State of Missouri." Following the statements of the assured, denominated warranties, this language occurs:

"This policy is dated the 15th day of December, 1909, at noon, standard time at the place of the assured's address written above."

On December 15, 1915, a rider was attached to the policy, of which the following is a copy:

"Date: December 15, 1915.

"Statement E of the assured's application for this policy is hereby amended to read as follows:

"E. My residence P. O. address is 36 Atherton Street, City of Roxbury, County of Suffolk, State of Mass.

"And the copy of the application set forth on this policy is hereby amended in like manner.

"This rider is endorsed on and forms a part of Accident Policy No. 4301006 issued to Max W. Zach, Leo Weidham.

Max W. ZACH, Assured.

"Witness J. J. M."

The evidence discloses in no way *where* the renewals were made, or the terms or conditions, if any, upon which they were made.   The renewal receipts, if any, were not offered in evidence, nor were they in any way referred to therein.

With respect to the cause of Zach's death the petition alleged:

''Plaintiff further states that on or about the 19th day of January, 1921, in the city of St. Louis, in the office of a dentist in the Metropolitan Building, in said city, to which dentist the said Max W. Zach had gone for the purpose of having a tooth extracted, the said Max W. Zach sustained a bodily injury through accidental means, to-wit, at said time, by reason of the extraction of said tooth by said dentist, an accidental and unavoidable injury was inflicted upon the tissues adjacent to said tooth in the extraction thereof, consisting of such laceration and tearing of said tissues as is the usual result of the pulling of such a tooth from its socket in the usual and customary manner by a skilled dentist, such laceration and tearing usually being followed by no ill results, and said injury being so caused by such extraction of said tooth, and bacteria entered the wound thus made by the extraction of said tooth into said adjacent tissues, and that infection was thereby caused, which caused the said Max W. Zach to be afflicted with blood poisoning, and as the result of said blood poisoning septic thrombosis, septic broncho pneumonia and purulent meningitis developed in the body of the said Max W. Zach, and as the direct result of said blood poisoning so caused as aforesaid, the said Max W. Zach died in the city of St. Louis, in the State of Missouri, on or about the 3rd day of February, 1921.''

The answer in addition to a general denial pleaded the following:

''And for further answer to plaintiff's petition the defendant alleges that at and prior to the last renewal of said policy the insured was a citizen and resident of the State of Massachusetts, and that the contract or policy

Zach v. Fidelity & Casualty Co.

sued on herein is a Massachusetts contract, and is controlled and governed by the laws of the State of Massachusetts; that under the law of the State of Massachusetts an injury sustained by the insured under a policy of accident insurance of similar provisions to the policy sued on herein, which is the unintentional result of an intended or intentional act, is not an injury due to accidental means within the meaning of the policy sued on herein; that under the law of the State of Massachusetts the injury and death of the insured under the policy sued on herein was not an injury or death due to accidental means within the meaning or terms of the policy sued on herein, and under the law of the State of Massachusetts there is no liability on the part of the defendant on account of the alleged injury sustained by, and the death of, the insured under the policy sued on herein; that the law of the State of Massachusetts, as aforesaid, is declared and announced by the Supreme Court of the State of Massachusetts in the case of Smith v. Travelers Insurance Company, 219 Mass. 147, in which the Supreme Court of Massachusetts said:

" 'The external act was exactly what he designed it to be, though it produced some internal consequences which he had not foreseen. Accordingly there was no bodily injury effected through a means which was both external and accidental. But it is only for a death resulting from injury effected through such means that the defendant is made responsible by the policy. It is not sufficient that the death or the illness that caused the death may have been an accidental result of the external cause, but that cause itself must have been, not only external and violent, but also accidental.'

"And the defendant says that this decision of the Supreme Court of Massachusetts is entitled to full faith and credit in the courts of this State; and that refusal to apply the same to this case is and will be in violation of the provision of Section 1 of Article IV of the Constitution of the United States of America."

The plaintiff's evidence tended to support the allegations of the petition as to the cause of Zach's death. The defendant offered in evidence the opinion of the Supreme Court of Massachusetts in the case of Smith v. Insurance Company, referred to in its answer. The plaintiff objected to the offer, in effect, on the ground that the contract of insurance was a Missouri contract, at least so far as the place of performance was concerned, and was to be interpreted according to the laws of the State of Missouri and not those of Massachusetts, and for that reason the evidence proffered was immaterial. The objection was sustained.

Defendant also requested instructions based on its theory that the policy of insurance was a Massachusetts contract. These instructions were refused.

The jury returned a verdict for plaintiff assessing her damages at $7500. From the judgment rendered in conformity therewith defendant prosecutes this appeal.

Appellant brings the case to this court for review on the assumption that a constitutional question is involved. There can be no other ground of jurisdiction, and that ground is challenged by respondent. Appellant's contention seems to be, that the policy in suit is a Massachusetts contract, hence to be interpreted in accordance with the laws of Massachusetts, and that the rulings of the trial court, not in harmony with that view, in effect deprive appellant of the benefit of the full-faith-and-credit clause of the Constitution of the United States, as well as the rights guaranteed it under the Fourteenth Amendment. It is difficult to see how the construction of either of these constitutional provisions is called in question. From the record before us it is clear that the only question presented to the trial court and ruled upon by it was, whether under the principles of private international law the language of the contract, with reference to the *obligation* therein created, should be construed according to the law of Massachusetts, or according to that of Missouri. Whether the ruling of the trial court with respect to this question was erroneous, can be determined

upon appellate review without reference to the constitutional provisions above referred to, or any other. In á latitudinarian sense every erroneous ruling in the trial of a cause impinges upon constitutional rights, but it does not follow that for that reason all error involves "the construction of the Constitution of the United States or of this State," as that language is used in the Constitution in defining the jurisdiction of this court. [Huckshold v. Rys. Co., 226 S. W. 852, 853.]

For the reasons indicated we are without jurisdiction. The cause is accordingly transferred to the St. Louis Court of Appeals. All concur.