SUPREME LODGE OF THE WORLD, LOYAL ORDER OF MOOSE, ET AL., Appellants, v. PARAMOUNT PROGRESSIVE ORDER OF MOOSE ET AL.—17 S. W. (2d) 327.

Division One, May 18, 1929.

*J. E. Turner* for appellants.

*Earl M. Pirkey* for respondents.

FRANK, J.—Appellants and respondents are each incorporated as fraternal and benevolent organizations. Appellants were organized in 1888 and respondents in 1903. This is an injunction suit, and was brought in the circuit court by appellants against respondents seeking to enjoin respondents from further operating under the name "Paramount Progressive Order of Moose," or any similar name containing the word "Moose," and to enjoin respondents from using in the future the by-laws, rituals, application blanks, emblems, mottoes, etc., which they are now using, on the ground that the name under which they are now operating so nearly resembles the name adopted and in use by appellants, as to be a colorable imitation thereof, and is calculated to deceive persons with respect thereto, and that the by-laws, rituals, application blanks, emblems, mottoes, etc., now in use by respondents are practically identical with those in use by appellants.

At the conclusion of the trial in the circuit court, the court found the issues for defendants and dismissed plaintiffs' bill and plaintiffs appealed.

At the outset we are confronted with the question of jurisdiction. While neither party has raised this question, it is our duty to raise it *sua sponte*. If there is a constitutional question involved in the case, we have jurisdiction. Otherwise not.

Appellants allege in their motion for new trial that the finding and judgment of the trial court, and the effect and result thereof, conflicts with the preamble to the Constitution of Missouri, and conflicts with Sections one, four and twenty of Article Two of the Constitution of the State of Missouri, and Section one of Article Fourteen and the second paragraph of Article Six of the Constitution of the United States.

The mere fact that appellants have invoked certain constitutional provision does not necessarily mean that there is a constitutional question in the case. The case must involve a construction of some constitutional provision, before it can be said that there is such a question in the case. [Davidson v. Life Insurance Co., 151 Mo. App. 561, 567.] "Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised." [Canning & Packing Co. v. Evans, 238 Mo. 599, 605.] Where, as here, a party litigant invokes some constitutional provision, the court will look beyond the claim of such party, and

determine from an examination of the record, whether or not there is any substance in such claim. [Lohmeyer v. Cordage Co., 214 Mo. 685, 691.]

What questions are necessarily involved in the instant case? Section 13272, Revised Statutes 1919, upon which appellants rely, provides as follows:

"Misuse of names of certain societies prohibited.—No person, society, association or corporation shall assume, adopt or use the name of a military, ex-military, patriotic, benevolent, humane, fraternal or charitable organization incorporated or organized under the laws of this or any other State or of the United States, or a name so nearly resembling the name of such incorporated organization as to be a colorable imitation thereof, or calculated to deceive any person with respect to such corporation. In all cases where two or more such societies, associations, corporations or organizations claim the right to the same name or names substantially similar as above provided, the organization which was first organized and used the name and first became incorporated or organized under the laws of the United States or of any State in the Union, shall be entitled in this State to the prior and exclusive use of such name, and the rights of such societies, associations, corporations or organizations and of their individual members shall be fixed and determined accordingly."

Plaintiff invokes the provisions of this statute. The trial court had jurisdiction of both the parties and the subject-matter, and heard the evidence of both parties. The only question involved in the case and the only question the trial court was called upon to decide was whether or not the evidence showed that the name adopted by respondents so resembled the name adopted by appellants as to be a colorable imitation thereof, or was calculated to deceive persons with respect thereto. The same is true of the other matters sought to be restrained. The determination of these questions of fact did not involve a construction of any constitutional provisions. If, as appellants contend, they have been wrongfully injured by the judgment of the trial court, such injury did not result from an erroneous interpretation of the Constitution, but from a wrong conclusion on the facts. In other words, the question in the case was not whether the acts charged against respondents would invade appellants constitutional rights, but was whether or not respondents had in fact committed the acts charged against them, the determination of which did not involve a constitutional question.

The first attempt made to raise a constitutional question was in the motion for new trial. There are cases in which the motion for new trial affords the first opportunity to raise such questions, but as there is no constitutional question in the case, it is not necessary to either discuss or determine whether or not appellants' attempt to raise the question in the motion for new trial was timely.

Absent a constitutional question, we have no jurisdiction, and therefore transfer the case to the St. Louis Court of Appeals. All concur.