WILLIAM F. BOLIN ET AL. V. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, a Corporation, Appellant.—98 S. W. (2d) 681.

Division One, November 12, 1936.

*Wright & Ford* for appellant.

*Livengood & Weightman, J. S. Shinabargar* and *A. F. Harvey* for respondents.

*Harding, Murphy & Tucker amicus curiae.*

HAYS, J.—This is an action on a benefit certificate issued by the defendant to Pleasant Bolin and made payable on his death to his wife, in the sum of $1000, and for a monument to be erected at his grave. Bolin died on or about July 18, 1933, leaving the plaintiffs as his children and descendants and beneficiaries, his wife having predeceased him a few weeks and no other beneficiaries having been designated in the certificate. The certificate contains a provision that it was incontestable after one year from the date thereof on the ground of irregularities, provided the member to whom it was issued has complied with all its requirements, and contains this provision on its face, "payments to cease after twenty years." The payments-to-cease provision was ostensibly authorized by a then by-law of the defendant.

It was stated that Bolin paid the monthly installments as required by the constitution, laws and by-laws of the order up to and including the month of June, 1916, more than twenty years, and made no further payments thereafter. Defendant claimed the certificate was forfeited on account of failure to pay subsequent dues and assessments.

In the trial before the court the finding and judgment went for plaintiffs and the defendant appealed to this court. Preliminarily the plaintiffs raise the question of our jurisdiction of the appeal.

It is manifest that "the amount in dispute" does not furnish sufficient basis for our jurisdiction. As will appear the defendant (appellant here) relies on the full faith and credit clause of the Federal Constitution as affording the basis of this court's jurisdiction. [U. S. Const., Art. IV, Sec. 1.] Briefly stated, appellant's position in this regard is predicated upon (1) the admitted fact that appellant was and is a Nebraska corporation, chartered and domiciled in that state (the statutes of that state appertaining were pleaded *in haec verba* in appellant's answer); (2) the contract in suit was a Nebraska contract and governed by the laws of that state; (3) the Supreme Court of Nebraska in the case of Trapp v. Sovereign Camp of the Woodmen of the World, 102 Neb. 562, 168 N. W. 191, involving a similar contention to this one, rendered a final decision and judgment that such contract was null and void because *ultra vires* of the corporation.

The essence of respondents' position is that, the contract was and is a Missouri contract, governed by the laws of Missouri; and that by reason of full performance by Bolin in his lifetime of each and every obligation resting upon him, the appellant is estopped to plead or maintain that the contract was *ultra vires* of the corporation.

It thus appears that the decisive issue upon which all others were dependent in the instant case was the question of *lex loci contractus*. The ultimate facts on which this issue depended were by the respective parties adequately pleaded to raise such issue, and the printed record discloses ample substantial evidence pertaining to such issue. The opinion and record of the Trapp case, supra, was introduced in evidence. It discloses that estoppel of the corporation there to plead and make a defense of *ultra vires* was not an issue and was not determined in that case. Also, the case did not purport to be a class suit, though that may be of no importance to the present discussion. In the case at bar there was evidence tending to show that Bolin on June 5, 1896, then a resident citizen of Arkoe, Nodaway County, Missouri, entered said association, became a member of said association's subordinate and local Camp at Arkoe, and the benefit certificate herein sued upon was then and there delivered to him by appellant through its proper officer of said local Camp. The named beneficiary also was a resident of Arkoe, and both the insured and the beneficiary

continued to reside there the remainder of their lives. His dues and assessments were by him paid to and received by the local Camp, and it was inferable the benefit certificate was to be paid at Arkoe.

The situation this case presents is not like that presented in Rechow v. Bankers' Life Ins. Co., 335 Mo. 668, 73 S. W. (2d) 794, cited and relied upon by appellant here. The defendant there was an Iowa corporation. The validity of an assessment was the decisive question involved. The defendant there claimed that that question was *res adjudicata* because in a certain case appealed by such defendant the Supreme Court of Iowa had adjudged that this particular assessment was valid, such suit being a consolidation of three class suits, in which the plaintiffs were suing for themselves and all others similarly situated as holders of similar certificates issued by that company. The Rechow case was determined primarily upon the validity of the questioned assessment and the decision in that respect expressly followed the Iowa adjudication pursuant to the constitutional full faith and credit clause. The trial court was not at liberty, under the facts and issues of that case, to determine the case without determining the very question determined by the Iowa decision.

We think the matter now under consideration is governed by the decisions in Zack v. Fidelity & Casualty Company, 302 Mo. 1, 257 S. W. 124, and Early v. Knight of the Maccabees of the World (Mo.), 48 S. W. (2d) 890. It was for the trial court to determine whether the contract in suit was a Nebraska contract or a Missouri contract. The fact the court refused instructions offered by appellant to the effect that it was a Nebraska contract and that the Trapp decision must be followed and applied pursuant to the constitutional provision just mentioned, implies that the view of the court was that a Missouri contract was in controversy and the issues concerning it were to be adjudged under the Missouri decisions; this, irrespective of the constitutional provision. The trial court had a right to do so. [Cass County v. Insurance Co., 188 Mo. 1, 86 S. W. 237; Dissauer v. Maccabees, 278 Mo. 57, 210 S. W. 896.] Therefore in so doing the court did not deprive the appellant of the benefit of the full faith and credit clause. For, as is said in part in the Zack case, supra, l. c. 7: ''From the record before us it is clear that the only question . . . the trial court . . . ruled upon was, whether under the principle of private international law the language of the contract, with reference to the obligation therein created, should be construed according to the law (of the foreign state) or according to that of Missouri. Whether the ruling of the trial court with respect to this question was erroneous can be determined upon appellate review without reference to the constitutional provision above referred to.''

The conclusion necessarily follows that the cause must be transferred to the Kansas City Court of Appeals. Let that be done. All concur.