WILLIAM ESMAR, Appellant, v. W. C. HÄEUSSLER, A. M. KELLER, ALBERT M. KELLER, JULIA B. RADFORD and MERCANTILE COMMERCE BANK & TRUST COMPANY, Executors of the Estate of G. A. RADFORD.—106 S. W. (2d) 412.

Division Two, June 21, 1937.

*Charles A. Lich* and *Louis L. Hicks* for appellant.

*Forest P. Tralles* for respondents.

BOHLING, C.—Action by a customer against his broker, located in St. Louis, Missouri, for an accounting covering transactions between June, 1929, and September, 1931, involving the purchase and sale of securities effected through the instrumentality of the broker's correspondent in New York City.

Our jurisdiction over the appeal challenges our attention. If we have jurisdiction, it is because the amount in dispute exceeds $7,500 or the case involves a construction of the Constitution of the United States. The appellate jurisdiction of this court and of the Courts of Appeal is determinable from the issues really existing in the cause and not from sham or colorable issues as to the amount in dispute [see, among others, Ashbrook v. Willis, 338 Mo. 226, 89 S. W. (2d) 659(5), and cases cited] or involving constitutional questions [see, among others, Brookline C. & P. Co. v. Evans, 238 Mo. 599, 605, 142 S. W. 319, 321 (stating: "Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised"); Supreme Lodge, L. O. of M. v. Progressive O. of M., 322 Mo. 866, 867, 17 S. W. (2d) 327(2), and cases cited; State v. Tatman, 312 Mo. 134, 137, 278 S. W. 713, 714(6), and cases cited]. Of these in their order.

I. Plaintiff's petition makes no attempt to state the amount in dispute. Its nearest approach avers plaintiff is unable to state the amount of money "deposited" with defendants, "except that the amount exceeds $8,500," and alleges "this information is set forth and contained in defendants' records and accounts." Exhibit 1, offered by plaintiff, is defendants' ledger sheets listing all transactions with plaintiff. Said exhibit discloses that plaintiff received

remittances from defendants. It should affirmatively appear of record that the amount in dispute is sufficient to confer jurisdiction upon this court [Bante v. Bante Development Co., 323 Mo. 649, 653, 19 S. W. (2d) 641, 642(3); Cambert v. McComas Hydro Elec. Co., 292 Mo. 570, 574(1), 239 S. W. 477, 479(3); In re Bennett's Estate (Mo.), 243 S. W. 769(2)]; and, since we will examine the record to ascertain the amount in dispute, even if the aforesaid allegation could be construed as an allegation covering the amount in dispute it would not be controlling for jurisdictional purposes with said ledger sheets a matter of record [see, among others, Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 460, 97 S. W. 908, 909 (stating: "Frequently the amount in dispute is materially affected by eliminating items and elements at the trial, and the record shows this. Would it not be an act sounding in folly for us to say that, for the purposes of jurisdiction on appeal, we must continue to consider such eliminated matters?"); Ashbrook v. Willis, 338 Mo. 226, 89 S. W. (2d) 659(5), and cases cited]. One of the transactions reflected by said ledger sheets was taken by the litigants as typical of all the transactions involved. No further attempt to develop the amount in dispute appears of record. Said transaction reflects a purchase and sale of one hundred shares of "United Gas," the figures, respectively, being $1012.50 and $913.50; and plaintiff's brief asserts " a loss to plaintiff on the transaction of $99.00." As officers of the court, counsel should assist the court that justice be expeditiously and orderly administered; but no analysis of said ledger sheets is attempted by either litigant. Reading said ledger sheets in the light of the interpretation placed thereon in plaintiff's brief, as well as on the basis of remittances from plaintiff to defendants and defendants to plaintiff, we find the amount in dispute insufficient to vest appellate jurisdiction here.

II. Plaintiff's petition alleged that the transactions were controlled and governed by the laws of the State of New York; and, relying upon Des Jardins v. Hotchkin, 142 N. Y. App. 845, 127 N. Y. Supp. 504, decided February 3, 1911 (see 150 N. Y. App. Div. 903, 135 N. Y. Supp. 1108, affd., 210 N. Y. 596), set forth plaintiff's interpretation of the law of said case and alleged its applicability to plaintiff's cause of action. Plaintiff requested and the court gave a declaration of law to the effect that whether or not the transactions constituted legal purchases of securities for plaintiff was to be determined by the laws of the State of New York as interpreted and construed by the courts of said state. The judgment of the court dismissed "plaintiff's bill," and plaintiff's motion for new trial alleged "that the order, judgment and decree is contrary to and in violation of Section 1, Article 4, of the Constitution of the United States in that the court failed to follow the law and

decisions of the courts of New York state which are controlling in this case." The contention is renewed in plaintiff's brief here. It does not confer jurisdiction upon this court for a number of reasons. For instance:

From the given declaration of law the real complaint of plaintiff's motion for new trial is that the trial court erred in not applying to the facts of the instant case plaintiff's pleaded interpretation of the law of New York announced in an opinion by a court of said state in a controversy involving (not plaintiff and defendants) independent litigants. The correctness of such action on the part of the trial court may be determined without resort to a construction of the full-faith-and-credit clause [Art. IV, Sec. 1, aforesaid] of the Federal Constitution. The issue, if not within the precise ruling, is within the reasoning of Zach v. Fidelity & C. Co., 302 Mo. 1, 257 S. W. 124; Early v. Knights of the Maccabees (Mo.), 48 S. W. (2d) 890, and Bolin v. Sovereign Camp, 339 Mo. 618, 98 S. W. (2d) 681, 683(1, 2); cases wherein the protection of the full-faith-and-credit clause was properly invoked. They are to the effect that the correctness of a trial court's ruling whether a contract is to be construed according to the laws of a sister state or of this State may be determined without resort to the full-faith-and-credit clause of the Federal Constitution and does not involve a construction of the Constitution in a jurisdictional sense.

The contention, we think, confuses the full-faith-and-credit clause with the rule of comity. The former imposes an obligation. The latter is a matter of courtesy, complaisance, respect—not of right but of deference and good will [Black's Law Dict. "Comity"].

Speaking of the full-faith-and-credit clause of the United States Constitution, Wiggins' Ferry Co. v. Chicago & A. Railroad Co. (E. D. Mo. 1882), 11 Fed. 381, 383 (affd., 108 U. S. 18, 27 L. Ed. 636, 1 Sup. Ct. 614), states: "It relates only to the conclusiveness of such judgments as between the parties to them and their privies. It does not require that judgments in one state shall be followed by the courts of other states as matter of authority in other similar cases. The Constitution does not deal with the question of the effect of such judgments as precedents, nor with the opinions of the courts rendering them. . . . The duty of the courts of one state to follow those of another, upon questions arising upon the construction of the statutes of the latter, is a duty resting alone upon comity, and not one imposed by the Federal Constitution."

In Carey v. Schmeltz, 221 Mo. 132, 135, 138, 119 S. W. 946, 947, the appeal of an alleged cause of action, accruing under a statute of Colorado making directors, under certain circumstances, individually liable for corporate debts, taken to this court on the theory the trial court failed to give full faith and credit to said Colorado statute

was transferred to the Court of Appeals. This court stated (221 Mo. 1. c. 135): ''There is no Federal question involved in this case.'' And, *arguendo,* on our interpretation of a contract governed by the laws of a sister state according to the law of such state, although it may differ from our law, the court said (1. c. 138): ''But this we do in respect 'to the settled rules of public and international law' which requires us to interpret the contract according to the *lex loci contractus*; it is not done in obedience to the full-faith-and-credit clause of the Constitution.''

If we were concerned with a personal judgment obtained by plaintiff against defendants in New York (or a New York judgment operating directly upon the legal status of a particular *res*) upon which plaintiff thereafter instituted suit here and duly invoked the protection of the full-faith-and-credit clause of the United States Constitution, a different situation would be presented.

Appellate jurisdiction does not vest in this court merely because the cause of action calls for a determination of whether the law (declared by statutory enactment or announced in court opinions, as distinguished from judgments) of this or a sister state govern, or because the cause of action involves a construction of the law of a sister state and its application to given facts, or the correctness of such construction or application. If it did, we perceive little escape from the review of any trial proceedings involving the law of a sister state; whereas cases too numerous to mention demonstrate that our Courts of Appeal, acting within their delegated authority, are vested with as full and complete jurisdiction as this court, acting within its delegated authority, to determine such issues upon review. They are not to be deprived of their jurisdiction, nor is jurisdiction to be foisted upon this court, by the attempted injection of constitutional issues not essential to or involved in a determination of the cause.

The St. Louis Court of Appeals has jurisdiction of this appeal, and the cause is transferred to that court. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.