THORNAL, Justice.
Appellant Milligan, who was plaintiff below, seeks reversal of an order of the trial judge dismissing his complaint in an action based on a foreign judgment.
We must dispose of the matter on jurisdictional grounds without reaching the merits.
Milligan recovered a judgment against appellee Irene Wells Wilson and another in the State of Virginia. In the instant case he proceeded in the Circuit Court of Hills-borough County, Florida by a complaint attaching authenticated copies of the Virginia judgment and proceedings. Appellee Wilson answered and also moved to dismiss the complaint contending that the Virginia record reflected jurisdictional defects in the Virginia judgment. On July 10, 1957 the trial judge sustained the motion and entered an order dismissing the complaint. By direct appeal to this court, appellant seeks reversal of that order.
It is unnecessary to delineate the contentions of the parties on the merits of the *36 appeal for the reason that we are immediately challenged by a jurisdictional problem which precludes our consideration thereof.
It should be noted that the order under assault was entered subsequent to July 1, 1957, when Amended Article V of the Florida Constitution became effective. By that amendment to our organic law the appellate jurisdiction of this court was circumscribed by certain carefully defined limitations. On the other hand, within the orbit of the provisions of Amended Article V, supra, the only imaginable jurisdictional basis upon which appellant seeks to rely is that portion of Article V, Section 4(b), Florida Constitution, F.S.A., which reads in part as follows:
“Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only from judgments * * * construing a controlling provision of the Florida or federal constitution * * *.”
“Construing” is the key word in the quoted language of the Constitution. Our examination of the order of dismissal entered by the trial judge here fails to reveal any judicial construction or interpretation of the Federal Constitution. No provision of the Florida Constitution was even remotely involved. Appellant does contend that the judge failed to extend full faith and credit to the Virginia judgment. However, both parties agree that under Article IV of the Constitution of the United States full faith and credit is accorded only to valid judgments of the courts of sister states. Consequently by the order under assault the trial judge did not undertake to construe a controlling provision of our Federal Constitution. He merely held that admitting the rule to be as both parties contend, nonetheless the judgment of the Virginia court, in his view at least, was fatally defective on jurisdictional grounds and consequently was unenforceable in Florida. Therefore, reasoned the trial judge, the full faith and credit requirements of the Federal Constitution were not a barrier to his order of dismissal.
We interpolate that we obviously do not here pass upon the correctness of the holding of the trial judge. We are here considering only the limits of our jurisdiction.
The line of cleavage between the parties does not hinge on a matter of construing a provision of the federal organic law. The point in contest for appellate review is the correctness of the ruling of the trial judge on the problem of the basic validity of the Virginia judgment. The judge arrived at his conclusion by a consideration of the statute law of the States of Virginia and Florida. Admittedly if he found the Virginia judgment valid it was entitled to full faith and credit; if he found it invalid, as he did, the judgment was not entitled to enforcement in Florida.
In a case involving a very similar proposition the Supreme Court of Missouri in Wolf v. Hartford Fire Ins. Co., 304 Mo. 459, 263 S.W. 846, 847, aptly observed:
“It would be singular if this court could retain jurisdiction of this case on the ground that a construction of the Constitution is involved, when the record does not present, and appellants do not raise, and this court, therefore, could not actually decide, any question involving such construction.”
See also Corbett v. Lincoln Savings and Loan Ass’n, Mo., 4 S.W.2d 824, 827.
In the ultimate the only point actually decided by the trial court was that the Virginia judgment was invalid. Whether or not he ruled correctly on this proposition involved no necessity whatever to construe or interpret any provision of the State or Federal Constitutions. This being so the questions presented by the appeal can be disposed of without any reference to the constitutional provision herein- *37 above mentioned. The questions raised for appellate consideration, therefore, fall within the appellate jurisdiction of the courts of appeal. They are totally lacking in any semblance of necessity for construing a controlling provision of the State or Federal Constitutions. See Zach v. Fidelity & Casualty Co., 302 Mo. 1, 257 S.W. 124; Early v. Knights of the Maccabees, Mo., 48 S.W.2d 890; Bolin v. Sovereign Camp, W.O.W., 339 Mo. 618, 98 S.W.2d 681.
In accord with 31 F.S.A. Rule 2.1, subd. a (5) (d) Florida Appellate Rules, the notice of appeal and all other papers filed herein shall at the expiration of five days from the filing of this opinion be transferred to the District Court of Appeal of Florida, Second District.
It is so ordered.
TERRELL, C. J., and HOBSON, DREW and O’CONNELL, JJ., concur.