Cullum *v.* Cundiff.

CULLUM, Respondent, *vs.* CUNDIFF, Appellant.

1. The supreme court will not revise the discretion exercised by inferior courts in allowing amendments, unless it clearly appears that the discretion has been abused to the prejudice of the party.

*Appeal from Jefferson Circuit Court.*

Action to recover a balance due upon a note, after a sale of real estate under a deed of trust given to secure it. The defendant answered, setting up fraud in the sale, by which the plaintiff acquired the title to the property covered by the deed of trust for much less than its value. When the case was called for trial, the defendant moved for leave to file an amended answer and for a continuance. He read an affidavit in support of his motion, stating that he had recently discovered that he could prove that the note sued upon was without any consideration, and that he had not relied upon this defence in his answer previously filed, because he did not then suppose he could sustain it by proof. His motion was overruled, and after a judgment against him, he appealed.

*Green,* for appellant. The amendment should have been allowed. (New Practice Act of 1849, art. 11, secs. 5 and 6.)

*Noell & Beal,* for respondent.

LEONARD, Judge. Although we frequently revise the exercise of discretionary power on the part of the lower courts, we never reverse a judgment in such a case, unless we see very clearly that the discretion which the law has confided to the court has been abused to the prejudice of the party.

We cannot say so here. Although certainly the courts of

original jurisdiction ought to be very liberal in allowing amendments in order to get at the very right of the case, care must be taken that parties do not delay the collection of demands due from them under the mere pretence of amendments. Here the party failed to disclose the defence he proposed to set up, and gave but a poor excuse for not having originally relied upon it in his answer. Under these circumstances, we cannot help him. The judgment is affirmed.