ALBERT HUCKSHOLD v. UNITED RAILWAYS
COMPANY, Appellant.

Division Two, December 15, 1920.

**APPELLATE JURISDICTION:** Juror: Qualifications: Constitutional
Question. Improper questions propounded to jurors touching their
qualifications, and answered by them, although objected to as fail-
ing to measure up to the constitutional standard, do not confer
appellate jurisdiction upon the Supreme Court. A ruling by the
trial court which amounts to no more than mere error, and in no
wise involving a construction of the Constitution, does not confer
jurisdiction upon the Supreme Court.

Appeal from St. Louis City Circuit Court.—*Hon. J.
Hugo Grimm*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Charles W. Bates*, *T. E. Francis* and *Albert D.
Nortoni* for appellant.

The separate promise of the three jurors, Morton,
Moser and Rohrkasse, made under oath to respondent's
counsel on the *voir dire* to stand out in the jury room
for their individual opinion infringes appellant's right
assured in Section 28, Article 2 of the Constitution of
Missouri, which vouchsafes a "right of trial by jury as
heretofore enjoyed." (a) This right includes candid,
deliberate consideration by the twelve jurors and una-
nimity of opinion of not less than nine under the present
Constitution. Vaughn v. Scade, 30 Mo. 600; Henning
v. Hannibal & St. Joe, 35 Mo. 408; State v. Hamey,
168 Mo. 182; State ex rel. v. Withrow, 133 Mo. 519;
American Pub. Co. v. Fisher, 166 U. S. 468. (b) This
right assures also that "the jurors must be left free
to act in accordance with the dictates of their own judg-
ment." State v. Hamey, 168 Mo. 189. (c) Any thing

which attemuts to take form a litigant a part or parcel of "the substance of that right" is violative of the Con-stitution. American Pub. Co. v. Fisher, 166 U. S. 468. (d) Nor is the matter waived by failure to challenge the jurors for cause because defendant is entitled under the law to a full panel of jurors, impartial, indifferent, untinctured and not committed in advance. Theobald v. St. Louis Transit Co., 191 Mo. 423; Billmeyer v. St. Louis Transit Co., 108 Mo. App. 6.

*A. Walz* and *Safford & Marsalek* for respondent.

The questions put to the jurors, on the *voir dire,* did not violate defendant's constitutional right of trial by jury. It certainly is not the duty of a juryman to concur in a verdict which he does not believe is right. "The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement." McPeak v. Ry. Co., 128 Mo. 646; Edens v. Railroad, 72 Mo. 212.

RAILEY, C.—This action was commenced by plain-tiff, in the Circuit Court of the City of St. Louis, Mis-souri, on January 17, 1918, to recover of defendant, as damages, the sum of $10,000, on account of personal injuries inflicted upon him, during the early morning of December 24, 1917, by reason of the alleged negligence of defendant in the operation of one of its cars on Van-deventer Avenue in said city, which struck the wagon on which plaintiff was riding. The case was tried before a jury, and the latter returned a verdict in favor of plaintiff for $2,500. Defendant, in due time, filed its motion for a new trial, which was overruled, and the cause appealed by it to this court. Such other matters as may be deemed important, will be considered later.

It becomes necessary, at the outset, to determine whether this court has jurisdiction of the cause. It is intimated, in the record before us, that a constitutional question was mentioned during the progress of the

trial below, and that, by reason thereof, this court has jurisdiction to pass upon the merits of the controversy. The alleged constitutional question was attempted to be injected into the case, by counsel for appellant, in the examination of the jurors as to their qualifications, etc. The following occurred at the trial, as shown by the record:

"Thereupon, a panel of eighteen jurors was called into the jury box to be examined as to their qualifications to act as jurors in said cause, and in the course of said examination the following proceedings were had, to-wit:

"Spencer W. Morten, being juror number 16, in said panel, having been duly sworn to make true answers to such questions as may be propounded to him touching his qualifications to act as juror in said cause, answered as follows:

"MR. SAFFORD: Will you sign any verdict that you do not think is right and in accordance with the evidence and instructions?

"MR. NORTONI: I object to that because it denies to the defendant the right of the benefit of the judgment of all the jurors as provided by the Constitution.

"MR. SAFFORD: Every juror must use his own judgment. It is their duty to stand out for what they think is right as long as they think it is right.

"The Court overruled the objection.

"To which ruling of the court, defendant, by its counsel, then and there duly excepted and still continues to except.

"The Juror: I think I can do the right thing in the case.

"MR. SAFFORD: Q. Will you answer that question in the affirmative? A. Yes, sir; I will take care of it in the right way. I will—

"MR. SAFFORD: Q. You will always do what you yourself think is right? A. I will in this case.

"MR. SAFFORD: Q. That is what I mean? A. Yes, sir.

"Ernest J. Moser, being juror unmber 17 in said panel, having been duly sworn to make true answers to such questions as may be propounded to him touching his qualifications to act as juror in said cause, answered as follows:

"MR. SAFFORD: Q. If you find in favor of the plaintiff, will you award him the full amount necessary to constitute what you find from the evidence in this case to be a fair and reasonable compensation to him for his injuries? A. Yes, sir.

"MR. NORTONI: I object to that for the reason that it commits the juror to stand for a verdict upon his own individual judgment without regard to the rights of the defendant to have the benefit of the opinion of the other jurors in accordance with the Constitution.

"The COURT: The answer may stand. Objection overruled.

"To which ruling of the court defendant, by its counsel, then and there duly excepted and still continues to except.

"MR. SAFFORD: Q. What is your answer? A. Yes, sir.

"And such juror No. 17, Ernest J. Moser, sat upon the jury as one of the twelve which tried the case.

"Edward F. Rohrkasse, being juror number 18 in said panel, having been duly sworn to make true answers to such questions as may be propounded to him touching his qualifications to act as juror in said cause, answered as follows:

"MR. SAFFORD: Q. After hearing the evidence and the instructions and the argument of the other jurors, after you go into the jury room, will you, if you find in favor of plaintiff, when it comes to signing a verdict, or passing on it, award him such sum as you find from the evidence in this case and the instructions to be a fair and reasonable compensation to him for his injuries?

"MR. NORTONI: Object to that question because, while it contains the proposition that after talking the

Huckshold v. United Railways Co.

matter over and considering it with the other jurors, it, nevertheless, commits the juror to stand out, notwithstanding the concurrent judgment provided. for by the Constitution; to stand out for a judgment which is his own individual judgment. We say it is violative of the defendant's constitutional right to have a trial by jury as provided by the Constitution.

"MR. SAFFORD: We contend that no juror ought to sign a verdict unless it meets with his own individual approval. Otherwise, whenever seven would concur the other five would be bound to sign the verdict, irrespective of whether they thought it was right or not.

"THE COURT: I think that the juror in forming his opinion and deciding whether to adhere to his opinion or to change his opinion has a perfect right to consider whether six or seven or eight of the other jurors are of a different opinion. He has a right to take that into consideration. But when he makes up his mind finally he ought to vote according to his own judgment. I think that is the proper view of the duty of a juror. He should be willing to listen to the counsel and the argument of the other jurors, and ought to be willing to consider the fact that a majority of the others think differently than he, but he should make up his own opinion and should vote in accordance with his own judgment. I think that is his duty. I cannot make my views any clearer than that.

"To which ruling of the court defendant, by its counsel, then and there duly excepted and still continues to except.

"THE COURT: I think with the explanation of the court the attitude of the court ought to be clear.

"MR. ROHRKASSE: Yes, sir; I will use my own judgment.

"And such juror No. 18, Edward F. Rohrkasse, sat upon the jury as one of the twelve which tried the case.

"Thereupon twelve jurors, including said Nos. 17 and 18, were selected and duly sworn," etc.

The foregoing matters are also incorporated in the motion for a new trial.

Has this court acquired jurisdiction over the cause, on the ground that some *real* constitutional right of defendant has been violated by the action of the trial court heretofore mentioned? If so, then practically every case tried in the lower court before a jury can be so manipulated as to inject into the case some alleged constitutional question in the examination of jurors as to their qualifications to serve, etc. If this kind of practice should be permitted to pass muster here, there would be but little work for the several courts of appeals, as this court would soon be overwhelmed with cases like the one at bar, in which there is not the slightest merit as to the alleged constitutional question presented. It is not claimed that any of the jurors were not qualified to sit in the case, aside from what occurred in their examination aforesaid. If the questions propounded by counsel for plaintiff, and answered by the jurors, were improper, the action of the court in permitting same could have been reviewed by the Court of Appeals, as well as this court. If the foregoing is sufficient to cast jurisdiction upon this court, then every adverse ruling against defendant, in the admission or rejection of testimony, and every adverse ruling against it, in the giving or refusal of instructions, might, with the same propriety, be claimed as an infringement of defendant's constitutional right of trial by jury. The question of jurisdiction, on account of the alleged constitutional points presented, is without merit and cannot be sustained. [Bealmer v. Fire Ins. Co., 220 S. W. l. c. 957-8; McManus v. Burrows, 280 Mo. 327, 217 S. W. l. c. 514; State ex rel. v. Woodman, 193 S. W. 570; Garey v. Jackson, 184 S. W. l. c. 983; Carson v. M. K. & T. Ry. Co., 184 S. W. 1039; Kemper Mill. Co. v. Mo. P. Ry. Co., 178 S. W. 502; Stegall v. Pigment & Chem. Co., 263 Mo. 719; Canning & Packing Co. v. Evans, 238 Mo. 599; Sublette v. Railroad, 198 Mo. 190.]

The foregoing authorities, when applied to the facts heretofore set out, leave no room for cavil or doubt as to the plain duty of this court·to transfer the case to the St. Louis Court of Appeals, which is accordingly done. *White* and *Mozley, CC.*, concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.