## JENNIE BERBERET v. ELECTRIC PARK AMUSEMENT COMPANY, Appellant.

### Division One, October 9, 1925.

1. **PLEADING: Amendment: Change of Cause of Action.** The necessity for amending the petition, and the propriety of allowing it to be amended, by the insertion of an allegation that the alleged defective condition of the walk "could, by the exercise of ordinary care, have been discovered by defendant," depend upon whether the allegations of the petition before amendment were equivalent to

an averment that defendant 'knew, or by the exercise of ·ordinary care might have known, of the defective condition.

2. **APPELLATE JURISDICTION: Constitutional Question: Amending Petition: Continuance.** The question of allowing a petition to ·be amended and the question of the terms upon which the amendment may be made, and, whether the amendment may be made after the evidence is in and before the instructions are given, are questions addressed to the sound discretion of the trial court, as acts in furtherance of justice, and if the amendment is allowed and a continuance is denied on a claim of surprise, the defendant's constitutional rights are not involved, and the ruling does not involve due process of law or other constitutional question in such a way as to give this court jurisdiction.

3. ————: ————: **Exclusion of Witnesses: Defendant's Attorney.** The exclusion of witnesses during the trial, wherein the rule is invoked, is a matter involving the sound discretion of the trial court; and the fact that a witness, alleged to be attorney for defendant, who had, on behalf of defendant, previously interviewed plaintiff in regard to the manner of her injuries, is excluded, along with all other witnesses, while plaintiff is testifying, but not otherwise during the trial, does not involve a constitutional question, although it is claimed at the time that the exclusion of the witness deprives defendant of the trial guaranteed by Sections 22 and 23 of the Bill of Rights. At most the rulings simply involved error, and not a constitutional question.

Corpus Juris-Cyc. References: Continuances, 13 C. J., Section 4, p. 123, n. 14. Courts, 15 C. J., Section 512, p. 1084, n. 73. Pleading, 31 Cyc., p. 368, n. 9. Trial, 38 Cyc., p. 1369, n. 40; p. 1371, n. 50.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Sebree, Jost & Sebree* and *Henry L. Jost* for appellant.

(1) The petition did not state a cause of action, and the court erred in impaneling a jury for trial, and in receiving evidence under the petition, over appellant's objection. Current v. Mo. Pac. Ry. Co., 86 Mo. 65; Mueller v. Shoe Co., 109 Mo. App. 517; Buckley v. Kansas City, 156 Mo. 16; Nephler v. Woodward, 200 Mo. 178;

O'Toole v. So. Island Park, 200 N. Y. Supp. 502; Wichita Falls Co. v. Adams, 183 S. W. (Tex.) 153; Hunter v. Am. Brake Co., 231 S. W. 663; Pier v. Heinrichoffen, 52 Mo. 336; Morrow v. Franklin, 289 Mo. 549; Garrett v. L. & N. Railroad, 235 U. S. 308, 59 L. Ed. 244. (2) Allegation and proof that appellant knew, or by the exercise of ordinary care could have known, of the defective condition of the walk complained of, being essential and material, the court, after allowing such material allegation to be incorporated in the petition after the close of all the evidence, erred in refusing appellant's motion to discharge the jury and continue the cause, and in denying appellant's constitutional right, then and there specifically claimed, to a fair and reasonable time and opportunity to answer and defend against such new and material charge. Turnstall v. Hamilton, 8 Mo. 500; Archer v. Ins. Co., 43 Mo. 442; Beard v. Kansas City, 204 S. W. 196; Garton v. Campbell, 39 Mo. 364; Lyman v. Dale, 262 Mo. 353; Carter v. Dilley, 167 Mo. 564; Garrett v. Railroad, 235 U. S. 308, 59 L. Ed. 244. (3) The opening statement of counsel for respondent to the jury disclosed no purpose to prove or to attempt to prove that defendant knew or might have known of the claimed defect in the walk, for which reason appellant's motion for judgment should have been sustained. Tootle v. Buckingham, 190 Mo. 195; Pratt v. Conway, 148 Mo. 299; Steele v. Railroad, 265 Mo. 116. (4) The court erred in excluding appellant's counsel, Mr. Hill, from the court room, and thereby deprived appellant of the benefit of his services in the presentation of its defense, and in so doing denied to appellant its constitutional right to be represented by counsel under provisions of the State and Federal constitutions, timely and specifically called to the court's attention. R. S. 1919, sec. 1154; Simon Gregory D. G. Co. v. McMahon, 61 Mo. App. 505; Thompson on Trials (Org. Ed.) sec. 290; Paul v. Railroad, 82 Mo. App. 504; 21 Ency. Pl. & Pr. 984, 985.

J. H. *Cubbison* and *Wm. G. Holt* for respondent.

LINDSAY, C.—This is an action for personal injuries. At the time of the alleged occurrence, the defendant owned and operated an extensive amusement park in Kansas City, known as Electric Park, wherein were provided many devices for the amusement and entertainment of patrons of the park.

On the evening of July 30, 1921, the plaintiff, a woman of about fifty-seven years, with her husband and their grandson, a boy of nine years, and accompanied also by a Mrs. Crawford, visited the park, where they paid the customary entrance fee. Among the places within the park was a device consisting of a movable floor, supporting wooden horses and ordinarily spoken of as a merry-go-round. They visited this, where the boy rode on the merry-go-round. Extending from this was a board walk which sloped downward, somewhat, to a concrete walk. While the plaintiff and the others were walking from the merry-go-round, along the incline of this board walk, and when close to where the board walk joined the concrete walk, the plaintiff fell, sustaining the injuries for which she sued. The character of the alleged defect in the walk, and the manner in which she fell, as described in the petition, can best be stated later.

The plaintiff had a verdict for $2500. The case is here on appeal upon the theory that certain constitutional questions are involved. Prior to the hearing, respondent filed a motion to dismiss the appeal on the ground that no constitutional question was involved. The motion was overruled. The nature of these questions can best be indicated by a brief outline of the course of events upon the trial. When the case was called for trial, counsel for defendant objected to the impaneling of a jury, and to a trial, upon the ground that the petition failed to state facts sufficient to constitute a cause of action. The objection was overruled, a jury was impaneled, and counsel for plaintiff made his opening statement, at the close of which statement counsel for defendant moved for judgment for defendant upon the state-

ment of counsel for plaintiff. This motion was over-ruled, and counsel for defendant made his opening state-ment to the jury. At the close of that statement, coun-sel for plaintiff suggested that the statement for defend-ant indicated that Mr. Hill was an important witness in the case, and a separation of the witnesses having been theretofore asked for and ordered, counsel for plain-tiff insisted that Mr. Hill, being a witness, should re-tire. Counsel for defendant then said: "Let the rec-ord show that Mr. Hill is associated with me as counsel for defendant, and then let the court rule." Counsel also stated that he could not try the case as effectively, or with the same degree of justice to his client, with Mr. Hill absent from the counsel table. After some discus-sion between the court and counsel, and the statement by counsel for defendant that he would call Mr. Hill as a witness, the court ruled that Mr. Hill should retire from the court room. Counsel for defendant excepted to the ruling, on the ground that it deprived the defendant of the benefit of its counsel, and amounted to depriving it of a trial as guaranteed by the 22d and 23d Sections of the Bill of Rights and the Constitution of the United States. At the close of plaintiff's evidence, defendant offered a demurrer to the evidence, which was overruled; and renewed its offer, at the close of the whole case. Aft-er defendant's demurrer had been overruled, defendant offered its instruction "C", to the effect that it was not charged in the case, nor was there any evidence tending to prove, that defendant knew or by the exercise of rea-sonable care and diligence could have ascertained and known of the existence of the alleged defective condition of the inclined platform and floor that have been men-tioned, and that in this state of the pleadings and the evidence it was the duty of the court to direct a verdict for defendant.

Pending disposition of the last-named instruction, the court permitted plaintiff to amend her petition, by inserting in the petition after the allegations descrip-

tive of the defect in the walk, the following additional averment: "Which condition could, by the exercise of ordinary care, have been discovered by defendant." The court refused the instruction asked for by defendant. Defendant thereupon requested the court to discharge the jury, and continue the cause, on the ground that the amendment had materially changed the cause of action set forth in plaintiff's petition; that defendant was not prepared to meet the same, and, that the allowing of said amendment to be made violated defendant's constitutional guaranties under Section 30, Article II, of the Constitution of Missouri, and the Fourteenth Amendment of the Constitution of the United States. This request was denied.

The specific ground upon which defendant claims the petition, in its original form, did not state a cause of action, is, that it failed to allege that the defective condition of the walk was one which defendant by the exercise of ordinary care might have known, and the essence of defendant's claim upon this phase is, that, by the amendment, the petition was made to state a cause of action, where none had been stated before; and, also, that the court by allowing the amendment, at that stage of the proceeding, and refusing a continuance, so far abused its discretion as to constitute a violation of the due-process clause of the Constitution.

The petition alleged that defendant "had provided an inclined wooden sidewalk or approach to said merry-go-round, which said sidewalk or approach was constructed of wooden timber upon which wooden boards were placed; that said sidewalk approach was about six feet wide and extended around said merry-go-round about half way and said defendant company had left near the bottom of said incline loose, unfastened and dangerous boards, which were liable to trip people going over same; that at about the hour of 8:30 P. M. the plaintiff, while descending the incline or approach from said merry-go-round, by reason of the unsafe and dangerous condition

of said wooden approach, was tripped and thrown with great force, and received'' certain described injuries.

The petition further on alleges that plaintiff ''received her injuries by reason of careless and negligent acts of said defendant and its agents and servants in the failure of said defendant and its agents and servants to provide a safe approach to said merry-go-round, and said defendant was guilty of careless and negligent acts in permitting and leaving a board in said sidewalk in an unsafe and dangerous condition,'' and further alleged ''that said board, which caused the plaintiff to fall, was loose and unfastened, and was liable to move and swerve when stepped on; and defendant was guilty of further negligence in leaving an opening in the sidewalk, and that said board, upon which plaintiff tripped had been loose and unfastened at the south end thereof, and was loose and unfastened at the time the plaintiff tripped and fell thereon.''

The necessity for amending the petition, and the propriety of allowing its amendment, might be considered in connection with an inquiry whether the allegations, as originally made and above set forth, were equivalent to an averment that defendant knew, or by exercise of ordinary care might have known of the defective condition. [Crane v. Railroad, 87 Mo. 588; Johnson v. Railroad, 96 Mo. 343; Young v. Shickle Iron Co., 103 Mo. 324-328; Midway Bank & Trust Co. v. Davis, 288 Mo. 575; Tateman v. Railroad, 96 Mo. App. 448; Fassbinder v. Railroad Co., 126 Mo. App. 570.] At any rate, the amendment was allowed, after the close of all the evidence, and defendant's motion for a continuance was denied. The defendent had introduced numerous witnesses to testify as to the manner of the construction of the walk, and its condition, and the almost continual daily and nightly inspection and observation of its condition. Geo. W. Schirmer, a carpenter who had assisted in constructing the merry-go-round and who put down the boards in the platform and walk, testified as to the

materials used, and the manner of construction. Defendant introduced several photographs of the walk. Rufus H. Brainerd, the owner of the merry-go-round, testified as to the manner of the construction of the approach; that he was there every night and day during the time it was in operation, and saw nothing of any loose board or defect; and that if there had been an excavation in the walk, he would have seen it. He said that he maintained an inspection of the platform; had three men, besides himself, looking after it, and that there never had been a board loose at the place of plaintiff's alleged injury. John E. Manning, master mechanic for Brainerd, in full charge of the operation of the device, testified that he knew of the condition of the boards on the day in question; that he "had made a close inspection of the entire tracks most every morning; had gone over that one part several times during the day," and that he did "not know on that day or at any other time of any board being loose or out of place on the platform."

Edgar Brisendine, another employee of Brainerd, testified that, from the place where he worked, he could see the place where it was claimed the plaintiff fell and that he never knew of a board being loose, or a hole in the platform at the time in question, or at any other time. Mr. Hill, upon whose exclusion from the court room while the plaintiff was testifying, error is assigned, and an invasion of a constitutional right of defendant asserted, testified concerning his knowledge of this walk. He said he was out to the park every night during the 1921 season; that he was in the employ of counsel for defendant; that he was ordered out there every night by counsel for defendant; that he never heard of plaintiff's claim until August 26, 1921. Following the foregoing statements by him, he said: "I never knew of any board in that approach being loose or out of place on the night of July 30, 1921. I made my headquarters around that particular place."

All of these witnesses for defendant, and one or two more, testified they did not hear anything about the

plaintiff or any person falling at that place, on the night in question. The only testimony for plaintiff as to the existence of a defect at the time and place, was the testimony of plaintiff's husband, who said that after he helped the plaintiff to arise, and had taken a step or two, he looked and saw a board out of place immediately where she fell.

It is urged that error was committed in excluding Mr. Hill from the court room, and that thereby there was an abuse of discretion amounting to a condemnation of defendant in its property, without affording it an opportunity to defend through its chosen counsel, and taking of its property without due process of law. The circumstances and statements of counsel conducting the case for defendant, made prior to the ruling of the court excluding Mr. Hill, have been given, and in part the testimony of Mr. Hill. The opening statement of counsel for defendant, indicating his purpose to use Mr. Hill as a witness, or indicating the nature of the testimony expected from him, is not in the record. But the testimony of Mr. Hill shows that about one month after plaintiff's injury, and after hearing of the advancement of a claim for damages by her, he interviewed her at her home. He endeavored to have her sign a statement. It appears also that he took her deposition, and made an investigation of the claim, and she was cross-examined upon the statements in her deposition. It is shown by the record that he was excluded only during the examination of the plaintiff herself. The record does not show that counsel for defendant, after cross-examination of the plaintiff without the presence of Mr. Hill, found it necessary to recall her for further cross-examination.

We have endeavored to state sufficiently the conditions under which the court allowed the amendment of the petition, denied to the defendant a continuance, and excluded Mr. Hill as being a witness. Upon these acts of the court, error is assigned as constituting the violation of defendant's constitutional right, calling for the

consideration of certain constitutional provisions, and thereby vesting this court with appellate jurisdiction. The question of allowing the amendment to be made was one addressed to the trial court in the exercise of a sound discretion, and as an act in furtherance of justice; as was also, the question of the terms upon which the amendment might be made, if any, and whether the amendment at that stage of the proceedings called for a continuance of the cause. [Sec. 1274, R. S. 1919; Laughlin v. Leigh, 226 Mo. 639; Clark v. Ry. Co., 127 Mo. 255; Carr v. Moss, 87 Mo. 447.; Stewart v. Glenn, 58 Mo. 481; Ensworth v. Barton, 67 Mo. 622; Cullum v. Cundiff, 20 Mo. 522; Home Mutual Ins. Co. v. Bauman, 14 Mo. 75.]

The exclusion of witnesses during the trial of a cause, wherein the rule is invoked, is also a matter wherein is involved the exercise of a sound discretion on the part of the trial court. [1 Thompson on Trials, sec. 276.] The action of the trial court, which it is claimed constituted violations of defendant's constitutional rights, present no *real* constitutional question. "Raising a constitutional question is not a mere matter of form. The question must really exist and if it does not exist, it is not raised." [Brookline Canning Co. v. Evans, 238 Mo. 599-605; Huckshold v. United Railway Co., 285 Mo. 497-502.] In the last-mentioned case, many other cases may be found cited illustrative of the rule. If error such as those assigned here can be used to vest this court with appellate jurisdiction, then it would be possible to inject a constitutional question in the trial of almost every case, based upon some adverse ruling of the trial court. If the action of the trial court was an abuse of discretion amounting to reversible error, in the particulars herein discussed, it is a matter reviewable by the Court of Appeals. We are not undertaking to determine the question here. There being no real constitutional question in the case, appellate jurisdiction is in the Kansas City Court of Appeals.

The cause is ordered transferred to the Kansas City Court of Appeals for its determination. *Seddon, C.,* concurs.

PER CURIAM: The foregoing opinion by *Lindsay, Co.,* is adopted as the opinion of the court. *Ragland. P. J., Graves* and *Atwood, JJ.,* concur; *Woodson, J.,* absent.