Ella R. Kellogg, Appellant, v. National Protective Insurance Company, a Corporation.—148 S. W. (2d) 751.

Division Two, March 12, 1941.

*Louis A. Laughlin* for appellant.

*James P. Aylward, George V. Alyward* and *Terence M. O'Brien* for respondent.

ELLISON, J.—Appellant sued in the Jackson County Circuit Court on two policies of accident and life insurance issued by respondent to her (later) deceased husband. In one she was the beneficiary. The amount claimed therein in the suit below was $1600. The other was payable to the estate of the insured. The amount claimed thereon in the suit below was $600. He and she resided in Kansas at all times here involved and he was killed in an automobile accident in that State. The probate court ordered his executrix to assign the latter policy to her as her statutory widow's allowance, which was done. The respondent is a Missouri corporation with its chief office in Kansas City, Missouri. The deceased ordered the policies, they were sent to him from the home office, and he paid the premiums thereon, all by mail.

On these and other facts the appellant contended the policies were to be construed and enforced under the law of Kansas, and she pleaded in her petition certain Kansas statutes and decisions which forbid provisions in such policies reducing the liability below the face amount, unless printed in bold type of greater prominence than the rest of the text; and made such policies valid as if the forbidden

provisions did not appear therein. Other allegations in the petition set out certain Kansas statutes and decisions under which appellant claimed respondent had transacted business in the State of Kansas in issuing, delivering and collecting premiums on said policies, and in adjusting the same.

The respondent's answer denied it had transacted this or any other business in the State of Kansas, and pleaded certain clauses of the respective policies reducing liability below the face amount after the insured had reached certain specified ages. These were not printed in larger type. The deceased had passed those ages when he died. Respondent admitted liability for the reduced amounts and tendered them into court. The appellant did not file a reply. The case was tried to the court without a jury; respondent's theory was adopted; and judgment went for respondent in view of said tenders. At the close of the evidence appellant had requested certain declarations of law applying the aforesaid Kansas statutes to the case and stating that any contrary course would violate Art. IV, Sec. 1 of the Constitution of the United States by denying full faith and credit to the statutes and decisions of a sister state. These declarations were refused. In her motion for new trial she assigned error in that ruling, again specifically invoking said constitutional provisions.

Appellant conceived appellate jurisdiction to be in this court and brought her appeal here because, as stated in her brief, "the trial court, by its rulings, did not give full faith and credit to the public acts, records and judicial proceedings of the State of Kansas as required by Article IV, Sec. 1 of the Constitution of the United States." We are unable to agree that the case involves the *construction* of the Constitution of the United States as is required by Sec. 12, Art. VI of the State Constitution to give us jurisdiction. The contrary has been held at least thrice in similar circumstances: Esmar v. Haeussler, 341 Mo. 33, 36, 106 S. W. (2d) 412, 413; Zach v. Fidelity & Casualty Co., 302 Mo. 1, 7, 257 S. W. 124, 125; Early v. Knights of the Maccabees (Mo. Div. 1), 48 S. W. (2d) 890, 891.

As is stated in the Zach case, "in a latitudinarian sense every erroneous ruling in the trial of a cause impinges upon constitutional rights, but it does not follow that for that reason all error involves 'the construction of the Constitution of the United States or of this State.'" In the same broad way it might be argued the full faith and credit clause is involved in any litigated controversy whether a contract shall be construed and enforced under the laws of one state or another. All such controversies would be based on facts, and it could be contended the question of construction is whether the clause applies to those facts. But in a true sense the clause is not under construction every time a question is raised whether it applies to *any* group of facts. The meaning of the constitutional provision may not be in dispute, and the whole controversy may turn on other rules of law determining whether, under the evidence, the statutes of the

one state or the other do govern the contract. If it be found the statutes of the foreign state are not controlling, then, of course, the constitutional provision is not applicable. That seems to be the situation in the instant case—at least the contrary is not clear. We summarize the three declarations in the next paragraph.

The first declared the State of Kansas in the exercise of its police power had the right to enact the statute regulating the manner of printing insurance policies; and that to hold otherwise would violate the full faith and credit clause. The second said the same about another Kansas statute imposing conditions precedent to the transaction of business in the State by a foreign corporation, and declared that respondent's delivery of the two policies to the deceased made that statute applicable. The third declared more generally that the State of Kansas had the right to enact all the statutes introduced in evidence, and thereby to prohibit any foreign corporation from transacting insurance business in the State without authority. This declaration went further and announced that the delivery of the two policies to the insured in Kansas constituted the transaction of business in that State, under said statutes and certain Kansas decisions; that respondent was estopped to deny it delivered the policies except under authority from the State; that under these facts the Kansas statutes became a part of the insurance contracts, overriding any provisions to the contrary; and that any holding to the contrary would violate the full faith and credit clause. Thus it will be seen the three declarations were directed first to the validity of the statutes and their application to the facts. If the trial court resolved these contentions against appellant, it did not pass on her constitutional question.

Finding no question of construction of the Federal Constitution clearly involved in the case, we are without appellate jurisdiction, and the cause is ordered transferred to the Kansas City Court of Appeals. All concur.