**Milton D. MAGENHEIM, Appellant,**

v.

**BOARD OF EDUCATION OF SCHOOL DISTRICT OF RIVERVIEW GARDENS, and William R. Pelster, Roy B. Boswell, Charles F. Schmidt, Sr., Vernon Hixson, Donald P. Shine and Russell H. Dohrmann, as Members of the Board of Education of the School District of Riverview Gardens, Respondents.**

No. 48299.

Supreme Court of Missouri,

Division No. 2.

Dec. 12, 1960.

Paul W. Preisler, St. Louis, for appellant.

Aubrey B. Hamilton, St. Louis, for respondents.

BOHLING, Commissioner.

Milton D. Magenheim sued the Board of Education of The School District of Riverview Gardens in the County of St. Louis, Missouri, and the members of said Board in their official capacity. We refer to the parties as plaintiff and defendant, using the singular for the defendants. Plaintiff's amended petition was in two counts. Upon motion, both counts were dismissed for failure to state a claim upon which relief could be granted. Plaintiff asserts we have jurisdiction over his appeal because Count II of his petition involves a construction of Art. I, § 2 of the Missouri Constitution, V.A.M.S., and Amendment XIV of the Federal Constitution. The amount in dispute is clearly insufficient to vest appellate jurisdiction here under Laws 1959, S.B. 7, changing § 477.040 RSMo 1949, V.A.M.S. Defendant presents no point challenging our jurisdiction, although it is stated in the brief that plaintiff's petition falls far short of pleading a violation of either the State or Federal constitutions in that conclusions and no sufficient facts are alleged in plaintiff's attempt to present a constitutional

question for determination. It is our duty to inquire into and determine our appellate jurisdiction.

A careful study of plaintiff's petition and briefs convinces us we need not detail the allegations of fact in Count II to rule whether a construction of the Constitution of the United States or of this State was presented and preserved for determination within the meaning of Art. V, § 3, of the Missouri Constitution so as to vest appellate jurisdiction in this court.

■ " 'Raising a constitutional question is not a mere matter of form; the question must really exist and if it does not exist it is not raised.' " Quoted in Berberet v. Electric Park Amusement Co., 310 Mo. 655, 276 S.W. 36, 38 [3]. State v. Brookshire, Mo., 325 S.W.2d 497, 501 [10].

Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 691, 113 S.W. 1108, 1110, 1111, states: "[W]e have sedulously retained to ourselves the right to look within the shell of briefs, pleadings, and records to the kernel of the thing, to see if the jurisdictional question is of substance, and not merely colorable * * *. Doing so, we find there is no constitutional question raised and preserved."

■ To preserve a constitutional question for review here it must be raised at the first opportunity; the sections of the Constitution claimed to have been violated must be specified; the point must be preserved in the motion for new trial, if any; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., Banc, 358 Mo. 1221, 219 S.W.2d 372, 376 [6]; Record Newspaper Co. v. Industrial Comm. of Mo., Mo., 340 S.W.2d 613; Baker v. Baker, Mo.App., 274 S.W.2d 322, 325 [6].

The sole "Point" in plaintiff's brief making any reference to the Federal or State constitution reads:

"IV. Appellant's Claim For Relief Is Well Pleaded in the Amended Petition and the Trial Court Erred in

Sustaining the Motions to Dismiss. Sections 527.010 through 527.140, RSMo 1949; Section 2 of Article I, Constitution of Missouri, 1945; Article XIV of the Amendments, Constitution of the United States."

■ Plaintiff's point may be sufficient as an assignment of error under our former practice (Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109, 111), but it does not comply with the requirements of our Rules for presenting and preserving a constitutional issue vesting appellate jurisdiction in this court. Supreme Court Rule 83.05(a) (3), (e), V.A.M.R., in addition to requiring the points relied on to show what actions or rulings of the court are sought to be reviewed, requires an appellant to show wherein and why they are claimed to be erroneous; and abstract statements of law or mere assertions, without showing how they are related to the action or ruling of the court, do not comply with the rule. Jacobs v. Stone, Mo., 299 S.W.2d 438, 440 [3–5]; Morris v. Willis, Mo., 338 S.W.2d 777, 779 [5]; Beeler v. Board of Adjustment, Mo.App., 298 S.W.2d 481, 482 [1, 2], and cases cited.

■ Complaints in the printed argument of a brief and assignments or points first presented in a reply brief do not comply with our rules and present nothing for our consideration. Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573 [5, 6]; Jones v. Giannola, Mo.App., 252 S.W.2d 660 [6, 7].

Issues submitted in appellant's original brief are not to be enlarged by presentations in his reply brief, as respondent is entitled to an opportunity to answer an issue presented by appellant. State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592, 594 [1].

Court en Banc stated in City of St. Louis v. Butler Co., supra, 219 S.W.2d loc. cit. 380:

"The party raising or relying on a constitutional question should cite the

·constitutional provision relied on by article and section number, and state his reasons as held in the Robinson-Nick case [Robinson v. Nick], supra, 345 Mo. [305] loc. cit. 309 [5], 134 S.W.2d [112] loc. cit. 115 [11], or that decision and others of like tenor should be overruled. It we take the position that the foregoing requirement need not be enforced literally, * * * then it will be a question for the court to decide in each case.

"But certainly it should not be held a mere allegation that a given act, claim, right or statute 'violates the Constitutions of the United States and the State of Missouri,' or the 'applicable' provisions of those Constitutions, properly raises a constitutional question." See also concurring opinion of Douglas, J.

Among allegations that have been held insufficient are: " 'That said ordinance and the provisions complained of are unconstitutional and void, in that they violate the rights guaranteed to plaintiffs by section 4, article II, of the Constitution of Missouri. Said ordinance is also unconstitutional and void and the title thereof defective so that it deprives plaintiffs of rights and property without due process of law as guaranteed by section 30 of article II of the Constitution of the State of Missouri.' " McGill v. City of St. Joseph, Mo., 31 S.W.2d 1038, 1039, 1040 [4]. " 'Because said judgment or order is contrary to, and in conflict with, section 309, art. 2, and section 7, art. 9, and section 10, art. 10, of Constitution of Missouri.' " Village of Grandview of Jackson County v. McElroy, 318 Mo. 135, 298 S.W. 760, 761 [7]. An assertion under "Points and Authorities" that a specified statute is in violation of certain specified constitutional provisions, and denies foreign insurance companies equal protection of the law, the court stating: "Questions of so grave a nature cannot thus lightly be raised. We think the assignment merely colorable and without merit. * * * It [the con-

stitutionality of the section] is not before us." Bealmer v. Hartford Fire Ins. Co., 281 Mo. 495, 220 S.W. 954, 957 [4]. See also the point presented in Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 884 [20], 179 S.W.2d 108. The point that: "The Court erred in sustaining the separate motion of defendants Beary and Fidelity and Casualty Company of New York for a directed verdict at the close of all the evidence" was held insufficient in Mannon v. Frick, 365 Mo. 1203, 295 S.W.2d 158, 166 [15, 16].

In Hartzler v. Metropolitan St. Ry. Co., 218 Mo. 562, 565, 117 S.W. 1124, 1125, we said: "A mere recitation is made in the brief of the clauses of the Constitution, state and federal, alleged to be violated. * * * The failure of counsel to reason the point (though well equipped to do so) is tantamount to an abandonment [of it]. By saying so much as that, we do not mean to rule that if we, *prima facie*, had jurisdiction, we would lose it by the mere abandonment of the point; for jurisdiction is not given or lost by mere consent. What we mean to say is that we feel invited to broadly infer that, by their refusal to reason the point, counsel concede it no point to reason."

■ Plaintiff's constitutional issue is without substance and only colorable under the above authorities.

The sole assertion or assignment that a plaintiff's claim is well pleaded and the trial court erred in sustaining a motion to dismiss does not present a question involving the construction of State or Federal constitutional provisions. If it did, then a constitutional question vesting appellate jurisdiction here could be formulated upon every appeal from a like ruling. Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 142 S.W. 319, 321 [2, 3]; Cohen v. Ennis, Mo., 308 S.W.2d 669, 672 [3, 4]; Robinson v. Nick, Banc, 345 Mo. 305, 134 S.W.2d 112, 114 [8, 9]; Home Owners'

Loan Corp. **v.** Caplan, 349 Mo. 353, 160 S.W.2d 754 [2].

The cause is transferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.