**Lillian M. ROSEBERRY, Plaintiff-Appellant,**

v.

**Roy T. CRUMP, Defendant-Respondent.**

No. 48071.

Supreme Court of Missouri,

Division No. 1.

April 10, 1961.

Donald F. Price, Kansas City, for appellant.

Robert A. Sniezek, Kansas City, for respondent.

HOUSER, Commissioner.

This is a suit upon the alimony provision of a divorce judgment rendered by the District Court of Johnson County, Kansas. The Circuit Court of Jackson County, Missouri declared the alimony provision of the Kansas judgment void, and invalidated a general execution and garnishment issued by the Missouri court to enforce it. Plaintiff, the ex-wife, has appealed.

Lillian M. Crump, now Lillian M. Roseberry, filed suit in the District Court of Johnson County, Kansas against Roy T. Crump, praying for a divorce, an equitable division of the property, an allowance of suit moneys and attorney's fees pendente lite, "and for such other and further relief as to the Court seems just and proper."

The petition contained no prayer for alimony. Defendant was personally served. Defendant did not employ an attorney and did not appear at the trial of the divorce action in Kansas. After testifying as to the merits of the divorce action, plaintiff told the court that the property had been disposed of and that she was not asking for alimony. The Kansas trial judge, not satisfied, personally conducted an inquiry into the facts surrounding the disposition of the property, and then made a lump sum alimony award of $4,500. Thereafter in the Circuit Court of Jackson County, Missouri plaintiff filed a verified petition on foreign judgment and for verification under the Uniform Registration of Foreign Judgments Law, § 511.760 et seq. RSMo 1949, V.A.M.S. Plaintiff then caused a general execution and garnishment process in aid thereof to issue out of that court, under which she attached defendant's wages as an employee of a pharmacy in Kansas City, Missouri.

Defendant filed motions to quash the execution and garnishment and to dismiss the petition on foreign judgment, alleging the invalidity of the judgment for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of defendant, and gross fraud in procuring the judgment. At the hearing of the motions defendant, the ex-husband, testified that after service of the divorce petition the parties entered into a verbal settlement by the terms of which they divided the property between themselves and by which plaintiff agreed that she would not ask for alimony; that she told him there was no reason for him to spend an extra $100 on attorney's fees "because we have made this agreement and I do not want alimony and I won't ask for alimony." Opposing the motions, plaintiff, the ex-wife, admitted that the parties had made a property settlement and that the property was divided as defendant had testified, but denied that she discussed alimony with defendant at any time, either before or after the filing of the petition for divorce.

On this appeal appellant complains that the lower court erred in refusing to give full faith and credit to the alimony provision of the Kansas judgment and contends that the Kansas court had jurisdiction over the subject matter and that the Kansas judgment is valid; there is no record defect entitling the ex-husband to maintain a collateral attack upon the Kansas judgment; a foreign judgment cannot be attacked collaterally for fraud in the procurement unless the fraud was so great and gross as to amount to a denial of due process of law, and there was no clear, cogent, convincing evidence of fraud; a collateral attack upon a foreign judgment should not be permitted to be substituted for respondent's failure to appeal the Kansas judgment, and that the ex-husband, with timely knowledge of its rendition, negligently failed to appeal and thereafter recognized the judgment by making numerous payments thereon. Respondent contends that the alimony judgment is void; the Kansas court had no jurisdiction; the judgment was beyond the scope of the pleadings and relief prayed and outside the issues before the court; there was no jurisdiction over the person of respondent "to render the particular judgment"; the judgment was obtained by fraud, and that a void judgment is not entitled to full faith and credit and is subject to collateral attack.

This cause must be transferred for lack of jurisdiction. Under Constitution of Missouri, 1945, Art. 5, § 3, V.A.M.S., the only possible ground for the contention that jurisdiction is in this Court is that the construction of Art. IV, § 1, of the Constitution of the United States ("Full Faith and Credit shall be given in each State to the * * * Judicial Proceedings of every other State") is involved, but there is no basis for any such contention. While appellant's constitutional rights would be denied if a Missouri court refused to recognize a valid Kansas judgment, that does not mean that a *construction* of the full faith and credit clause would be involved.

"In a latitudinarian sense every erroneous ruling in the trial of a cause impinges upon constitutional rights, but it does not follow that for that reason all error involves 'the construction of the Constitution of the United States or of this state,' as that language is used in the Constitution in defining the jurisdiction of this court. Huckshold v. [United] Railways Co., 285 Mo. 497, 226 S.W. 852, 853." Zach v. Fidelity & Casualty Co., 302 Mo. 1, 257 S.W. 124, 126, cited with approval in Early v. Knights of the Maccabees of the World, Mo.Sup., 48 S.W.2d 890, 891. Other appeals to this Court in which the *application, not the construction,* of the full faith and credit clause was involved, necessitating transfer, are: Kellogg v. National Protective Ins. Co., 347 Mo. 553, 148 S.W.2d 751; Ragsdale v. Brotherhood of Ry. Trainmen, Mo.Sup., 147 S.W.2d 601. In Esmar v. Haeussler, 341 Mo. 33, 106 S.W.2d 412, it was held that appellate jurisdiction does not vest in this Court because the cause of action "involves a construction of the law of a sister state and its application to given facts," 106 S.W.2d loc.cit. 414. In Kellogg v. National Protective Ins. Co., supra, this Court distinguished between *construction* and *application* of the full faith and credit clause in the determination of a controversy whether an insurance contract should be construed and enforced under the laws of Kansas or the laws of Missouri, saying that "in a true sense the [full faith and credit] clause is not under construction every time a question is raised whether it applies to any group of facts. The meaning of the constitutional provision may not be in dispute, and the whole controversy may turn on other rules of law determining whether, under the evidence, the statutes of the one state or the other do govern the contract. If it be found the statutes of the foreign state are not controlling, then, of course, the constitutional provision is not applicable." 148 S.W.2d loc.cit. 752. On the present appeal there is no dispute or controversy as to the meaning of the constitutional provision. To decide this appeal it is not necessary to construe, interpret or discover or attribute a particular sense or meaning to the full faith and credit clause. At most a simple *application* of the clause is involved. Neither party contends that the clause should be applied if the Kansas judgment is void. Neither party asserts that the clause should not be applied if the Kansas judgment is valid. Appellant does not controvert the incontrovertible; namely, that a void judgment rendered by a court of a sister state will not be recognized and enforced here. Respondent does not seek to escape from the inescapable, namely, that a valid judgment rendered by a court of a sister state will be given full faith and credit here. The case turns on the validity of the Kansas judgment under the Kansas law. If valid, the constitutional provision applies. If invalid, the clause does not apply. The dispositive questions raised on this appeal are whether the Kansas court had jurisdiction over the subject matter and over the person of the defendant, and whether there was fraud in the concoction of the judgment. A subordinate question is whether a collateral attack upon the judgment can be maintained. These questions can be determined upon appellate review *without any reference to the full faith and credit clause.* The validity or invalidity of the Kansas judgment once determined, the applicability or inapplicability of the full faith and credit clause follows as a matter of course, without question, and without any need for construction or interpretation, under the issues as developed in this case

Accordingly, the cause is ordered transferred to the Kansas City Court of Appeals.

COIL and HOLMAN, C.C., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.