ST. LOUIS TEACHERS ASSOCIATION
et al., Appellants,

v.

BOARD OF EDUCATION OF the CITY OF
ST. LOUIS et al., Respondents.

No. 54801.

Supreme Court of Missouri,
Division No. 2.

July 13, 1970.

Donald L. James, James E. Whaley, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for appellants.

Leo Lyng, Russell N. MacLeod, St. Louis, for respondents.

HENRY I. EAGER, Special Commissioner.

The petition of plaintiffs for a declaratory judgment and each of its two counts were dismissed with prejudice on motion of the defendants, and this appeal followed. The plaintiffs are St. Louis Teachers Association, alleged to be a not-for-profit corporation, and nine individuals who are alleged to be residents, citizens, taxpayers, teachers and parents of school children in St. Louis. Obviously, each individual is not intended to be a member of all such classes. The defendants are the Board of Education of the City of St. Louis and its members, and the Superintendent of Schools. We shall refer to the corporate plaintiff as the "Association," and where we use the word "plaintiff" in the singular we are referring to it.

In Count I plaintiffs alleged that defendant Board had refused to recognize it as a

legitimate negotiating agent for the teachers of St. Louis, and that the members of the Board had stated to the news media that it would be illegal for it to "enter into negotiating agreements with an organization," to the damage of the teaching profession. The prayer of this count included the request for a declaration that the Board "may enter into an agreement with a teacher organization" to negotiate sundry stated matters of "mutual concern" and others, and that such agreement be reduced to writing with formal procedures established; several other associated requests were made for other declarations, including one that the Board might elect to deal with one organization to be selected by an election. Plaintiffs further prayed that the members of the Board be enjoined from making such statements as are referred to above.

In Count II plaintiffs adopted the allegations of Count I and further alleged: that the refusal of the Board, as alleged, prevented the taxpayers and parents of St. Louis from obtaining the best possible education for the children, since educational problems and methods are properly of concern to the teaching profession and that the Board has thus abandoned "the major expertise applicable * * *"; that such refusal "to meet with duly appointed representatives of the teachers constitutes an abridgement of the right of the teachers to petition their government for the redress of grievances, and thus and thereby violates the Constitution of the State of Missouri, Article I, Section 9 [V.A.M.S.]." The prayer of Count II was (in the alternative): that the Board *must* meet with a duly authorized representative of the teachers "within the guidelines as prayed by these petitioners in Count I * * *."

The motion to dismiss was as follows: "Come now the defendants and move this Court that it make and enter its order dismissing plaintiff's first amended petition herein, with prejudice, upon the grounds that: 1. Count I of said petition fails to state on what constitutional provision statute, contract, agreement or right do plaintiffs base their plea for a declaration of the court. 2. Count I of said petition fails to state wherein there is any duty on the part of defendants to do those things which plaintiffs allege were not performed. 3. Count I of said petition does not state a justiciable controversy. 4. Count I of said petition fails to state a claim for relief upon which the relief prayed for can be granted in that the prayer asks the court to declare 'that the proper method for determining an exclusive organization for negotiation is by way of election, and when an organization is recognized by the school board, negotiation must be in good faith', which does, in view of the deficiencies set out above in 1, 2 and 3, constitute a demand that the court invade the legislative domain, when such relief is beyond the power of the court to grant. 5. Count II of said petition, because it incorporates the allegations of Count I, and with the additional allegations 1 and 2 being subject to the same deficiencies, said Count does not allege or constitute a justiciable controversy. 6. The prayer of Count II of said petition, by incorporating portions of the prayer of Count I is subject to the same deficiencies therein and Count II fails to state a claim for relief on which the relief prayed for against these defendants can be granted."

The trial court filed no opinion or memorandum. The whole situation is somewhat vague and nebulous, partly because of insufficient facts. We are met immediately with a question as to our jurisdiction. No specific damages are claimed, and we have no jurisdiction on that ground. The only possible constitutional point pleaded is in Count II where plaintiffs state that the Board's action abridges the right of the teachers to "petition their government for the redress of grievances" in violation of Art. I, Section 9 of the Constitution of Missouri. The ruling of the Court on the motion was general, and we have no way of knowing whether this point was considered and ruled by it or

not, especially since several grounds were set out in the motion to dismiss all of which were independent of the supposed constitutional question.

We have determined that this Court does not have jurisdiction, since the supposed constitutional point has not been properly preserved, if indeed it was properly pleaded. There was no motion for a new trial; such a motion was not a prerequisite to an appeal in this type of action. Rule 73.01(d), V.A.M.R.; Seabaugh's Dependents v. Garver Lumber Mfg. Co., Banc, 355 Mo. 1153, 200 S.W.2d 55, 63; Mo.Bar Journal, Feb. 1970, Appellate Review in Non-Jury Cases, by Judge Laurance M. Hyde. The jurisdictional statement in the brief of appellants states that the cause "involves a Constitutional issue" concerning the power of the Board to negotiate, but cites only Article V, Sections 3 and 13 of the Missouri Constitution; these merely fix the scope of the respective jurisdictions of this Court and of the Courts of Appeals. This was totally inadequate under our rules but we do not rest our decision on that point.

The "Points Relied On" in appellants' brief are, in toto, as follows: "A. The Trial Court Erred in Sustaining Defendants' Motion to Dismiss Plaintiffs' Petition Because the Petition Stated a Justiciable Controversy Which Was a Proper Matter for a Declaratory Judgment Action. The Petition Requested the Trial Court to Determine the Authority and Power of the St. Louis Board of Education to Recognize the St. Louis Teachers Association as a Representative of These Teachers and Its Authority to Negotiate the Salary, Working Conditions, and Other Problems of Mutual Concern of These Teachers With Their Chosen Representative.

"B. The Board of Education of the State of Missouri was Created by the Legislature and Derives All Its Power and Duties Therefrom, and Therefore, Its Subdivisions Thereof Are Subject to the Powers and Duties Delegated."

At the bottom of the list of citations under "A" appears: "Missouri Constitution 1945, Article I, Sections 8 and 9." In the body of the argument of the brief counsel state that plaintiffs' "legal rights of freedom of speech (which was not pleaded), peaceable assembly for the common good, and the right to apply to those invested with the power of government for redress of grievances * * * were being violated," citing U.S. Constitution, First Amendment (not pleaded) and Sections 8 and 9, Article I, Missouri Constitution. (The words in parentheses are ours.) The foregoing is the total coverage in the brief of the supposed constitutional point.

We have ruled many times that a constitutional question must be specifically raised at the first opportunity, kept alive throughout the case and in the motion for new trial, and that it must be adequately covered in the briefs on appeal. Ingle v. City of Fulton, Mo., 260 S.W.2d 666; State v. Brookshire, Mo., 325 S.W.2d 497; Young v. Brassfield, Mo., 223 S.W.2d 491; Magenheim v. Board of Education of School Dist. of Riverview Gardens, Mo., 340 S.W. 2d 619; Rule 83.05. And a constitutional question is not sufficiently presented by a mere mention of it in the Jurisdictional Statement in appellants' brief or by a casual reference in the argument. Pruellage v. De Seaton Corp., Mo., 380 S.W.2d 403. In that case the Court also held, as a ground for transfer, that the Court had no jurisdiction because appellant had failed to raise the constitutional question in his "Points Relied On." In that connection the Court said in part, loc. cit. 405: "The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case. A constitutional question is not presented for appellate review by mention only in the jurisdictional statement or by

casual reference in the argument portion of the brief. See State v. Brookshire, supra, 325 S.W.2d at p. 500, and the cases there cited. We necessarily conclude that no constitutional question is presented for appellate review." To the same effect see: State v. Brookshire, Mo., 325 S.W.2d 497; Stribling v. Jolley, 362 Mo. 995, 245 S.W.2d 885; Magenheim v. Board of Education of School Dist. of Riverview Gardens, Mo., 340 S.W.2d 619; State v. Harold, 364 Mo. 1052, 271 S.W.2d 527; Mooney v. St. Louis County, Mo., 286 S.W.2d 763; Gruet Motor Car Co. v. Briner, Mo., 224 S.W.2d 73; Baker v. Baker, Mo.App., 274 S.W.2d 322; Kansas City, Clay County v. Carter, Mo. App., 447 S.W.2d 805. In Magenheim, supra, the Court ruled expressly that a "Point" alleging error generally in the sustaining of a motion to dismiss, followed by statutory and constitutional citations was insufficient under our rules; the Court cited and discussed briefly sundry authorities to the same effect. In the present case there was no mention whatever of the constitutional question in the "Points Relied On." And, if the argument portion of an appellant's brief should ever properly be held to correct a total deficiency in the "Points Relied On," the mere casual reference in this brief to supposed constitutional points could not possibly be held to do so. A grave constitutional question "cannot thus lightly be raised," Magenheim, supra, quoting from Village of Grandview of Jackson County v. McElroy, 318 Mo. 135, 298 S.W. 760. We note that no reasoning whatever has been submitted to establish (or indicate) that Section 9 of Article I of the Missouri Constitution was ever intended to be applicable to the "petition" of a teachers association (as "the people") to a Board of Education (as a body "invested with the powers of government") in a matter of the type involved here. We rest our order of transfer on the deficiencies noted in appellants' brief.

The cause is ordered transferred to the St. Louis Court of Appeals for the lack of jurisdiction in this Court.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.